Okay, our final case this morning is number 16-2405, Topsnick v. United States, Mr. Magnuson. May it please the court, Charles Magnuson, appearing on behalf of the appellant. The honors, it's submitted in this case that an overriding consideration is the impact of the Hague Convention requiring that a deposition of a German citizen be taken at the consulate in Frankfurt, Germany, and that even if he sues in the United States, well, that's an issue that has never been, to my knowledge, decided. And that's the point, that even if he is a plaintiff in a lawsuit in the United States, that the discovery proceedings differ from that of the trial proceedings. It violates the Hague Convention to ask the plaintiff from Germany to arrive at the site of the trial one week before the trial? Well, that's a discovery proceeding, and that's the position of the appellant. Yes, Your Honor. Because the convention, the consulate general has explained that to not follow the discovery procedures allowed for doing so under the convention could impose criminal penalties, and an individual is put in a position. If he voluntarily comes to the United States for a deposition, he's subject to criminal penalties? That's what's suggested by the consulate general in Germany, or for the United States. And he's put in a dilemma as to whether or not what he does could bring about to him criminal aspects. And I would not be in a position to instruct. Because he testifies at the trial, is that a criminal offense? Pardon me? Is it a criminal offense to testify at the trial in the case that he brought? No, Your Honor, I don't believe so. But there's a difference between discovery and testimony. That's the position of the appellant. And we're talking about discovery, and the discovery is very specific. And in this instance, as it happened, the government had understood that they were going to take and wanted to take the deposition of two people, one of which was the appellant, Gerd Topstein. As early as early part of 2015, the Court of Federal Claims was informed that those two depositions wanted to be taken. And in July... Do we have the language of the Hague Convention in the record here? Well, we have that in the appendix, Your Honor, which is information provided by the Consulate General. It's the same information that was used by... Which appendix? We have two appendices. Which appendix and where? Well, it's both in the appellate appendix and the... Where is the language in your appendix? I'm looking at the corrected appendix for appellant. A-29. A-29, Your Honor. Appellant appendix. That talks about voluntary depositions in Germany. Pardon me, Your Honor. That talks about voluntary depositions in Germany. It doesn't seem to say anything about the depositions that may occur in the United States. Well, when we get to the depositions at the Consulate General on appendix 030... Use the instructions with respect to civil cases that the depositions in civil cases will be done at the Consulate General's office in Frankfurt. But I don't see that this language suggests that a deposition in a United States case can't be conducted in the United States. Well, it does say, however, Your Honor, that... That the German Ministry of Justice shall pre-approve all requests for depositions. That's on appendix 029. Yeah, but that's talking about depositions taken in Germany. It's not talking about depositions taken in the United States. But that applies to a German citizen. And that's what we're talking about, is a German citizen. The Germany, of course, to extraterritorially control depositions of German citizens that happen to take place in the United States? Well, he's not in the United States. He's in Germany. Well, he's going to be in the United States for the trial, or at least if there is a trial, it's going to be held in the United States, right? Yes, Your Honor. Right. Now, so he... What the Court of Federal Claims judge said was one week before the trial, he should make himself available for a deposition in the United States in connection with the case he brought in the United States. Correct. It's hard to see that the Hague Convention has anything to say about that deposition. Well, I'm talking about discovery, Your Honor. And irrespective of the trial date, it wouldn't matter if that deposition was taken one day or one week or one month or whatever the period of time would be. There's still a deposition. Let me posit this. Yes. Let me pose this question to you. Suppose you had a German citizen who's living in the United States, has been living in the United States for the past 10 years, a German citizen. And he brings a lawsuit against somebody for an automobile accident. And in the course of that lawsuit, the lawyer for the insurance company asks for his deposition. Are you saying he has no obligation to appear for that deposition because of the Hague Convention? Well, your proposition is that he is a resident of the United States? He's a German citizen who happens to be a resident in the United States. Well, that would be a different consequence, yes, Your Honor. What in the Hague Convention draws that distinction? Well, the Hague Convention applies to a German citizen who is a resident of Germany. Well, suppose then he – instead of being a permanent resident alien, he is traveling in the United States and he has that accident. And he brings a suit in the state court of Oklahoma. Yes, Your Honor. And he says, I've been injured. I want half a million dollars. The insurance company says, okay, here's your notice of deposition. He doesn't have to appear for that? But he can prevail or bring his case anyway? Is that your position? Yes, Your Honor. Okay. The second thing that, as I understand it, that the CFC judge focused on was the fact that not only did Mr. Topsnick say he wasn't going to come for the deposition, but he also said he wasn't coming for the trial. And based on those two things, she said, I don't really have much choice here. I'm going to dismiss. Does he have a right to decide whether or not he's going to come to the trial? I do not think a plaintiff is required to appear personally in a trial. I see. Okay. So – In any case – You were going to appear there at the trial without him. Pardon me? You were going to appear at the trial without him? Is that the plan? Well, Your Honor, that's what he said. I would insist that he do come. I think that he would be better to do so. But I don't know that he would add anything to the trial because the trial had to do with an issue as to whether or not a statute of limitation ended. The circumstances – he doesn't make the decision as to the extension of the statute of limitations. But the limitations question in turn, as I understand it, turned on the nature of his travels over the years, whether he was in the United States sporadically or for some lengthy periods of time. And that is something that he would have – definitely have the information that would be pertinent to. Wouldn't it not? Excuse me, Your Honor. I apologize. No. Yes, he would have information about that, yes. But as they had done, they had taken – we had put together voluntarily a deposition of his daughter, which they wanted to take. And during the course of that deposition, there was information at that deposition, including yearly calendars that set forth when he was in the United States. And that during that deposition, no questions were asked of the deponent about those particular documents that were available to the government. And so it reflects for me that they really did not have an intent to look into that aspect of the case. And moreover, they claimed that there was something about the absence of turning over travel records within the United States or a list of travel dates within the United States. And as you recall, this case was a case that started out in the Central District of California, a district court there. And the government filed a motion to have that dismissed on the basis that the Court of Federal Claims had concurrent jurisdiction. And because Mr. Topshik was a German citizen – You're well into your rebuttal time. You're well into your rebuttal time. Do you want to say that? Okay. I'm sorry, Your Honor. Mr. Sheehan? May it please the Court? I'm Anthony Sheehan. I represent the United States. The Court understands from the prior dialogue the webpages reproduced in the record from the consulate general deal with the taking of a deposition in a civil case within Germany. There is, say, nothing about the possibility of deposing a German plaintiff who sued in the United States to recover money from a United States entity here, the federal government. Beyond these webpages, there has never been any citation to any provision in the Hague Convention or to German law regarding any kind of penalty for a German citizen – plaintiff attending his deposition in the United States. Moreover, this deposition was not voluntary. There were three Court of Federal Claims orders that would take place before – a week before the trial. Then the next one specified January 26th in Los Angeles. And then the third one denied a motion for a protective order. And finally, as the Court recognized, this case turns on – the merits of the case turn on the nature of Mr. Topsnick's visits and travel, whether they were casual and temporary or general and substantial. And we certainly needed his testimony at deposition and at trial to make that determination. And if there are no further questions, the government's happy to rest on its brief. Okay. Thank you, Mr. Sheehan. Well, on that point, there was no time and place ordered by the court with respect to a deposition in the United States. There was a order that said the deposition was to be taken in Los Angeles, but there was no time and place where that deposition was to be taken. So that was the other aspect of the case. Okay. Anything further? Pardon me? Anything more? No, I think that'll do it. Okay. Thank you. Thank you. Thank you, Mr. Sheehan. Thank you. The case is submitted. Next, please, our session. All rise.